UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| JARRETT HAMILTON, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | No. 4:20-cv-00196-JMS-DML |
| | ) | |
| SHERIFF FRANK LOOP, FLOYD COUNTY SHERIFFS | ) | |
| DEPT., FLOYD COUNTY INDIANA, AUTO | ) | |
| WAREHOUSE, RICK FOX, FLOYD COUNTY HEALTH | ) | |
| DEPT., JACQUELINE WENNING, LOIS ENDRIS, and | ) | |
| C.C.E. INC., | ) | |
| *Defendants*. | ) | |

## ORDER

*Pro se* Plaintiff Jarrett Hamilton lives on Hausfeldt Lane in New Albany, Indiana (the

"Property"), and has a long history of involvement in litigation related to the Property.  When piles

of trash, old vehicles, and other items filled the Property's yard, garage, and house, local

government officials undertook enforcement actions in an effort to have the Property cleaned up.

This case is the latest in that long history, and Mr. Hamilton asserts various constitutional claims

against entities and individuals who have interacted with him related to the Property.  Specifically,

Mr. Hamilton asserts claims against: (1) Floyd County, Indiana ("Floyd County"); Floyd County

Sheriff Frank Loop; the Floyd County Sheriff's Department; the Floyd County Health Department;

Floyd County Attorney Rick Fox; Floyd County Auditor Jacqueline Wenning; and Floyd County

Treasurer Lois Endris (collectively, the "Floyd County Defendants"); (2) C.C.E. Inc. ("C.C.E."), a

contractor hired by Floyd County to clean up the Property; and (3) Auto Warehouse, a company

which removed and stored vehicles from the Property.  The Floyd County Defendants have filed

a Motion for Summary Judgment, [Filing No. 50], Auto Warehouse has filed a Motion for

1

Judgment on the Pleadings, [Filing No. 54], and C.C.E. has filed a Motion for Summary Judgment, [Filing No. 55].  Mr. Hamilton has not responded to any of these motions, and they are now ripe for the Court's decision.

**I.**
**THE FLOYD COUNTY DEFENDANTS' AND C.C.E.'S MOTIONS FOR SUMMARY JUDGMENT**
**[FILING NO. 50; FILING NO. 55]**

**A.     Standard of Review**

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a).  On summary judgment, a party must show the Court what evidence it has that would convince a trier of fact to accept its version of the events.  *Johnson v. Cambridge Indus.*, 325 F.3d 892, 901 (7th Cir. 2003).  The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the non-moving party.  *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009).  The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor.  *Darst v. Interstate Brands Corp.*, 512 F.3d 903, 907 (7th Cir. 2008).  It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder.  *O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 630 (7th Cir. 2011).

Each fact asserted in support of or in opposition to a motion for summary judgment must be supported by "a citation to a discovery response, a deposition, an affidavit, or other admissible evidence."  S.D. Ind. L.R. 56-1(e).  And each "citation must refer to a page or paragraph number or otherwise similarly specify where the relevant information can be found in the supporting evidence."  *Id.*  The Court need only consider the cited materials and need not "scour the record" for evidence that is potentially relevant.  *Grant v. Trustees of Ind. Univ.*, 870 F.3d 562, 572-73

2

(7th Cir. 2017) (quotations omitted); *see also* Fed. R. Civ. P. 56(c)(3); S.D. Ind. L.R. 56-1(h). Where a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact, the Court may consider the fact undisputed for purposes of the summary judgment motion. Fed. R. Civ. P. 56(e)(2).

In deciding a motion for summary judgment, the Court need only consider disputed facts that are material to the decision. A disputed fact is material if it might affect the outcome of the suit under the governing law. *Hampton v. Ford Motor Co.*, 561 F.3d 709, 713 (7th Cir. 2009). In other words, while there may be facts that are in dispute, summary judgment is appropriate if those facts are not outcome determinative. *Harper v. Vigilant Ins. Co.*, 433 F.3d 521, 525 (7th Cir. 2005). Fact disputes that are irrelevant to the legal question will not be considered. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

**B.    Statement of Facts**

The following factual background is set forth pursuant to the standard detailed above. The facts stated are not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light most favorable to "the party against whom the motion under consideration is made." *Premcor USA, Inc. v. Am. Home Assurance Co.*, 400 F.3d 523, 526-27 (7th Cir. 2005). Further, because Mr. Hamilton has not responded to the Motions for Summary Judgment, the Court accepts each of the properly asserted facts in the motions as undisputed.

*1.    The Floyd County Health Department's Lawsuit Against Mr. Hamilton*

In 2016, the Floyd County Health Department initiated an action in state court against Mr. Hamilton (the "Health Department Action") related to the condition of the exterior of the Property and the interior of the residence located on the Property, which were piled with junk, debris, and

trash – much of which was visible from the road.  [Filing No. 52-1 at 1; *Floyd County Health Dept.*

*v. Jarrett Hamilton*, Case No. 22D01-1609-MI-1374 (Floyd Superior Court).]  After inspections

of the Property, the Floyd Superior Court determined that the residence was unfit for human

habitation and ordered Mr. Hamilton to vacate the Property.  [Filing No. 52-3 at 2; Filing No. 52-

4 at 1.]  The Floyd Superior Court also ordered Mr. Hamilton to abate the unsanitary conditions

present at the Property, and determined that Mr. Hamilton was only allowed on the Property for

that purpose.  [Filing No. 52-5 at 1-2; Filing No. 52-6 at 1.]

　　　The inspections resulted in Mr. Hamilton initiating an action in this District against  Floyd

County and the Floyd County Health Department, but all claims related to the inspections were

ultimately resolved.  [*See Hamilton v. Floyd Cty., Indiana*, No. 4:16-cv-00210-SEB-DML.]  Issues

with the Property persisted and by the Fall of 2017, Floyd County intervened in the Health

Department Action and sought an emergency hearing due to the continuing nature of the unsanitary

conditions at the Property.  [Filing No. 52-2 at 6; Filing No. 52-8 at 1.]  The Floyd Superior Court

ultimately determined that conditions at the Property constituted an emergency, and ordered the

parties and anyone they might contract with to immediately abate the conditions.  [Filing No. 52-

2 at 7; Filing No. 52-9 at 1.]  The Floyd Superior Court also determined that Mr. Hamilton could

not have access to the Property until further order of the state court and found him in contempt for

failing to abate the unsafe conditions as required by previous orders.  [Filing No. 52-9 at 2.]

　　　Mr. Hamilton filed a Notice of Appeal with the Indiana Court of Appeals, and requested

that the Indiana Court of Appeals stay all of the Floyd Superior Court's decisions, but his appeal

was ultimately dismissed when he failed to file a supporting brief within the applicable deadline.

[Filing No. 52-10; Filing No. 52-14.]

2.      *Floyd County's and C.C.E.'s Efforts to Abate the Property*

Subsequently, Floyd County took steps to abate the unsafe conditions at the Property, including hiring C.C.E. to carry out the clean-up efforts.   [Filing No. 52-15 at 1-2.]   C.C.E. completed the clean-up work at the Property on October 27, 2017.  [Filing No. 52-15 at 2.]  Shortly thereafter, Floyd County filed a motion to recover its costs and expenses associated with cleaning up the Property and served Mr. Hamilton with the motion at two different addresses.  [Filing No. 52-15 at 1-3.]  Floyd County also sought relief from the Floyd Superior Court regarding fourteen vehicles that were left at the Property and that were filled with trash.  [Filing No. 52-16; Filing No. 52-17.]  Floyd County had attempted to reach Mr. Hamilton to discuss the vehicles on the Property, which it believed were abandoned and inoperable, but was unable to do so.  [Filing No. 52-16 at 1; Filing No. 52-18 at 2.]  Floyd County sought permission to tow the abandoned vehicles, and the Floyd Superior Court ultimately concluded that the vehicles were inoperable due to being filled with trash, locked, and missing parts, and entered an order permitting Floyd County to tow the vehicles off of the Property.  [Filing No. 52-16 at 2; Filing No. 52-18.]

The Floyd Superior Court also held a hearing addressing the motion to recover costs and expenses, at which Mr. Hamilton appeared, and determined that the Property was a public nuisance, a danger to the health of the community, and unfit for human habitation.  [Filing No. 52-18 at 1.]  The Floyd Superior Court also ordered Mr. Hamilton to vacate the Property until he provided, and obtained court approval for, a plan to abate the conditions on the Property.  [Filing No. 52-18 at 1-2.]  Additionally, it awarded Floyd County its costs and expenses incurred to clean up the Property, and entered final judgment in favor of Floyd County.  [Filing No. 52-19.]

### 3. Auto Warehouse's Towing of Mr. Hamilton's Vehicles

On January 9, 2018, Auto Warehouse – at the request of Sheriff Loop – towed all fourteen vehicles from the Property.  [Filing No. 52-17.]  The Sheriff's Department Fleet Maintenance mechanic examined the vehicles and determined that all fourteen were inoperable.  [Filing No. 52-17.]  At that point, all trash, debris, and vehicles that had accumulated at the Property had been removed.  [Filing No. 52-15 at 2.]

### 4. The Foreclosure Action

Subsequently, Mr. Hamilton filed a motion for relief from judgment in Floyd Superior Court, alleging that Floyd County had illegally searched the Property, illegally seized items, and damaged the residence, garage, and driveway, among other things.  [Filing No. 52-20.]  The Floyd Superior Court denied Mr. Hamilton's motion.  [Filing No. 52-22.]

Approximately a year later, Mr. Hamilton still had not paid the judgment against him, so Floyd County initiated a foreclosure action in order to satisfy the judgment.  [Filing No. 52-23 (*Floyd County, Ind. v. Jarrett Hamilton*, Cause No. 22C01-1901-MF-96) (Floyd County Circuit Court); Filing No. 52-24.]  The Floyd County Circuit Court set a Sheriff's sale to take place on August 19, 2021, but Mr. Hamilton paid the judgment on the day of the sale.  [Filing No. 52-25.]  Consequently, Floyd County moved to dismiss the foreclosure action, and the Floyd County Circuit Court granted the motion.  [Filing No. 52-25; Filing No. 52-26.]

### 5. This Lawsuit

Mr. Hamilton initiated this action on September 21, 2020, alleging claims for: (1) "illegal search and seizure" under the Fourth Amendment; (2) "right to a jury trial" under the Seventh Amendment; (3) "right to due process denied right to property" under the Fourteenth Amendment; (4) "right to a speedy trial and public trial by an impartial jury" under the Sixth Amendment; and

(5) "no excessive fines imposed nor cruel and unusual punishment" under the Eighth Amendment. [Filing No. 1 at 2.]

As to the Floyd County Defendants, Mr. Hamilton alleges that he has not been allowed on the Property for years, even though he was supposed to be cleaning it up. [Filing No. 1 at 5.] He also alleges that the Floyd County Auditor and Treasurer sold his house in October 2019 while he was in the hospital and without letting him know. [Filing No. 1 at 5.] He alleges that Sheriff Loop had C.C.E. remove vehicles from the Property, but Mr. Hamilton was never asked if the vehicles were operable. [Filing No. 1 at 5.] Mr. Hamilton alleges that he was in the hospital in January 2018 when his vehicles were towed to Auto Warehouse, and did not find out where they were stored until April 20, 2018. [Filing No. 1 at 5.] Mr. Hamilton also alleges that a $50,000 lien was placed on his house, which was scheduled to be auctioned. [Filing No. 1 at 5.]

As to C.C.E., Mr. Hamilton alleges that Floyd County contracted with C.C.E. and C.C.E. was only supposed to take trash from the Property, but that it took "all" of his property, including clothing, tools, furniture, and appliances. [Filing No. 1 at 5.] He also alleges that C.C.E. damaged his house, garage, and yard during the clean-up. [Filing No. 1 at 5.]

Mr. Hamilton seeks damages for every day that he was not allowed on the Property, the cost of the fourteen vehicles that were removed from the Property, damages for alleged harassment by the Health Department and the Police Department, legal fees, and costs. [Filing No. 1 at 5.]

The Floyd County Defendants and C.C.E. filed their Motions for Summary Judgment after the Court – concurrent with denying a Motion for Preliminary Injunction filed by Mr. Hamilton – directed Defendants to file preliminary motions for summary judgment on jurisdictional or substantive grounds which would not require discovery to brief or decide. [Filing No. 43.] Those motions are now ripe for the Court's decision.

7

### C.    Discussion

#### 1.    *The Floyd County Defendants' Motion for Summary Judgment*

In their Motion for Summary Judgment, the Floyd County Defendants argue that: (1) the *Rooker-Feldman* doctrine prohibits the Court from reviewing Mr. Hamilton's challenges to the Floyd Superior Court's orders; (2) if the *Rooker-Feldman* doctrine does not bar Mr. Hamilton's claims, they are barred by the *Younger* abstention doctrine; (3) Mr. Hamilton's claims under the Sixth, Seventh, and Eighth Amendments fail as a matter of law; (4) Mr. Hamilton's claims against Ms. Wenning, Ms. Endris, Mr. Fox, and Sheriff Loop fail for a lack of personal involvement; (5) Mr. Hamilton's official capacity claims against Floyd County, the Floyd County Sheriff's Department, the Floyd County Health Department, and Sheriff Loop fail because Mr. Hamilton has not set forth a custom or policy that was the direct cause of a deprivation of a federal right; and (6) Mr. Hamilton's Fourth and Fourteenth Amendment claims are barred by the statute of limitations.  [Filing No. 51 at 9-27.]  Mr. Hamilton did not respond to the Floyd County Defendants' motion, despite being provided with a Notice Regarding Right to Respond to and Submit Evidence in Opposition to Motion for Summary Judgment.  [Filing No. 53.]

Local Rule 7-1(c)(5) provides that "[t]he court may summarily rule on a motion if an opposing party does not file a response within the deadline."  Because Mr. Hamilton has not responded to the Floyd County Defendants' Motion for Summary Judgment, the Court summarily **GRANTS** the motion on that basis alone.  The Court also finds, however, that the Floyd County Defendants' arguments are well-taken.

#### a.    Applicability of the *Rooker-Feldman* Doctrine

The Floyd County Defendants argue that Mr. Hamilton's constitutional challenges to the clean-up of the Property and to the removal of the fourteen vehicles from the Property are barred

by the *Rooker-Feldman* doctrine because those challenges are inextricably intertwined with the Floyd Superior Court's October 2, 2017 Order requiring Mr. Hamilton to abate the unsafe conditions at the Property and prohibiting him from accessing the Property, and the Floyd Superior Court's January 2, 2018 Order directing Mr. Hamilton's vehicles to be towed from the Property. [Filing No. 51 at 9-14.]

The *Rooker-Feldman* doctrine prohibits federal jurisdiction over claims seeking review of state court judgments "no matter how erroneous or unconstitutional the state court judgment may be." *Kelley v. Med-1 Solutions, LLC*, 548 F.3d 600, 603 (7th Cir. 2008) (citation omitted).  The doctrine "is jurisdictional in nature," *Freedom Mortg. Corp. v. Burnham Mortg., Inc.,* 569 F.3d 667, 670 (7th Cir. 2009), and a court must raise it on its own if not raised by the parties in order to ensure that it has jurisdiction over the matter, *Carter v. AMC, LLC*, 645 F.3d 840, 842 (7th Cir. 2011).  Application of the doctrine is limited to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005); *see also Kelley*, 548 F.3d at 603.  In short, the doctrine prevents a party from effectively trying to appeal a state court decision to a federal district court.  *Hukic v. Aurora Loan Services*, 588 F.3d 420, 431 (7th Cir. 2009).  In determining whether the *Rooker-Feldman* doctrine applies, the "pivotal inquiry is whether the federal plaintiff seeks to set aside a state court judgment or whether he is, in fact, presenting an independent claim." *Long v. Shorebank Development Corporation,* 182 F.3d 548, 554 (7th Cir. 1999) (internal quotation and citation omitted).

The Seventh Circuit has repeatedly held that "a plaintiff may not seek a reversal of a state court judgment simply by casting his complaint in the form of a civil rights action." *Ritter v. Ross*,

992 F.2d 750, 754 (7th Cir. 1993) (citing *Hagerty v. Succession of Clement,* 749 F.2d 217, 220 (5th Cir. 1984), *cert. denied,* 474 U.S. 968 (1985)); *accord Guess v. Board of Medical Examiners,* 967 F.2d 998, 1005 (4th Cir. 1992) ("Artificial attempts to redefine the relief sought are not sufficient to overcome the requirements of *Feldman.*"); *Owens-Corning Fiberglas Corp. v. Moran,* 959 F.2d 634, 635 (7th Cir. 1992) (section 1983 does not automatically permit federal court to review state judicial decision); *Worldwide Church of God v. McNair,* 805 F.2d 888, 893 (9th Cir. 1986) (*Feldman* applies in § 1983 context); *Lynk v. LaPorte Superior Court,* 789 F.2d 554, 563 (7th Cir. 1986) (federal courts rebuff efforts to retry state suits in federal courts under section 1983)).  In this case, Mr. Hamilton seeks redress for the effects of the Floyd Superior Court's orders.  These are precisely the types of claims that are barred by the *Rooker-Feldman* doctrine.

Therefore, the Court concludes that it lacks jurisdiction over Mr. Hamilton's claims against the Floyd County Defendants and **GRANTS** the Floyd County Defendants' Motion for Summary Judgment, [Filing No. 50], to the extent that Mr. Hamilton's claims against the Floyd County Defendants must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).  *See, e.g., Mains v. Citibank, N.A.,* 852 F.3d 669, 678 (7th Cir.), *cert. denied,* 138 S. Ct. 227 (2017) ("[T]he right disposition, when the *Rooker-Feldman* doctrine applies, is an order under Fed. R. Civ. P. 12(b)(1) dismissing the suit for lack of subject-matter jurisdiction.").  A dismissal with prejudice would be inappropriate, in part, "because such a dismissal may improperly prevent a litigant from refiling his complaint in another court that does have jurisdiction." *El v. AmeriCredit Fin. Servs., Inc.,* 710 F.3d 748, 751 (7th Cir. 2013).  Therefore, the Court's dismissal is without prejudice to Mr. Hamilton refiling this action in a court that has jurisdiction over this matter, if any exists.

This dismissal without prejudice does not preclude this Court from issuing a final judgment in the case in favor of the Floyd County Defendants, however. *See, e.g., Am. Nat. Bank & Tr. Co. of Chicago v. Equitable Life Assur. Soc. of U.S.*, 406 F.3d 867, 875 (7th Cir. 2005) ("The test for finality is not whether the suit is dismissed with prejudice or without prejudice, on the merits or on a jurisdictional ground or on a procedural ground…. The test is whether the district court has finished with the case."). Through his claims against the Floyd County Defendants, Mr. Hamilton challenges the validity of several state court judgments. He will not be able to cure this jurisdictional defect, and so the entry of a final judgment in favor of the Floyd County Defendants is warranted. *See Am. Nat. Bank*, 406 F.3d at 875 (discussing finality of judgment in case dismissed without prejudice where the action "was infected with an incurable jurisdictional defect").[1]

### 2.    *C.C.E.'s Motion for Summary Judgment*

In support of its Motion for Summary Judgment, C.C.E. argues that the claims that Mr. Hamilton asserts against it "are not true federal questions[;] instead the allegations are more akin to a claim of damage to property." [Filing No. 57 at 5-6.] It asserts that Mr. Hamilton's claims against C.C.E. are not viable because: (1) C.C.E. is not a governmental entity, so Mr. Hamilton cannot assert a viable Fourth Amendment claim against it for an illegal search and seizure; (2) Mr. Hamilton's Sixth Amendment claim related to the right to a speedy and public trial "is only protected in criminal proceedings which are not applicable to the case before the court"; (3) C.C.E. did nothing to violate his Seventh Amendment right to a jury trial; and (4) the fact that C.C.E. cleaned up the Property pursuant to a contract with Floyd County does not give rise to a

---

[1] Because the Court finds that it does not have jurisdiction over Mr. Hamilton's claims against the Floyd County Defendants, it need not and cannot consider the Floyd County Defendants' other arguments.

11

constitutional claim.  [Filing No. 57 at 6-8.]  Finally, C.C.E. argues that the Court should abstain from considering Mr. Hamilton's claims under *Younger v. Harris*, 401 U.S. 37 (1971), because "[t]he case is still pending in the Floyd Circuit Court."  [Filing No. 57 at 8.]

Again, the Court summarily **GRANTS** C.C.E.'s Motion for Summary Judgment because Mr. Hamilton did not file a response, despite C.C.E. providing him with a Notice Regarding Right to Respond to and Submit Evidence in Opposition to Motion for Summary Judgment, [Filing No. 59].  S.D. Ind. L.R. 7-1(c)(5).  However, the Court briefly addresses C.C.E.'s arguments, which it finds also warrant summary judgment.

At the outset, the Court considers whether the *Younger* abstention doctrine applies to the claims against C.C.E.  The *Younger* abstention doctrine "is an exception to the general rule that federal courts must hear and decide cases within their jurisdiction."  *Mulholland v. Marion Cty. Election Bd.*, 746 F.3d 811, 815 (7th Cir. 2014) (citing *Younger*, 401 U.S. at 37)).  "[P]rinciples of equity, comity, and federalism" are the foundation of the doctrine.  *SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 676 (7th Cir. 2010).  *Younger* provides that "federal courts should abstain from interfering with ongoing state judicial proceedings that are judicial in nature, involve important state interests, provide an adequate opportunity to raise federal claims, and do not contain special circumstances that would make abstention inappropriate."  *Sykes v. Cook Cty. Circuit Court Prob. Div.*, 837 F.3d 736, 740 (7th Cir. 2016).  The Court finds that *Younger* abstention is not appropriate here because the state court proceedings involving Mr. Hamilton are not ongoing, but rather have concluded, and because the state court proceedings do not directly involve C.C.E.  That said, the Court finds the remainder of C.C.E.'s arguments persuasive.

Mr. Hamilton's claims as asserted against C.C.E. fail as a matter of law.  First, Mr. Hamilton cannot bring constitutional claims against a non-state or -federal actor, as C.C.E. is here.

*See, e.g.*, *Zoretic v. Darge*, 832 F.3d 639, 643 (7th Cir. 2016) (Fourth Amendment protects against unreasonable searches and seizures by federal actors, or by state actors through the Fourteenth Amendment).  Second, in any event, Mr. Hamilton has not alleged that C.C.E. did anything to interfere with his right to a jury trial under the Seventh Amendment, his Sixth Amendment claim based on a right to speedy trial fails as a matter of law because that guarantee only applies in a criminal case, and his allegations do not support his Fourteenth Amendment claim for due process violations related to a lack of access to his property or his Eighth Amendment claim for excessive fines or cruel and unusual punishment.  Mr. Hamilton's only allegations against C.C.E. are that it removed clothing, tools, furniture, and appliances from the Property and damaged his house, garage, and yard.  These allegations simply do not give rise to a federal claim, nor has Mr. Hamilton presented any evidence in opposition to C.C.E.'s Motion for Summary Judgment indicating that any constitutional violations occurred.

Because Mr. Hamilton's claims against C.C.E. fail as a matter of law, the Court **GRANTS** C.C.E.'s Motion for Summary Judgment.  [Filing No. 55.]

## II.
### AUTO WAREHOUSE'S MOTION FOR JUDGMENT ON THE PLEADINGS
### [FILING NO. 54]

### A.    Standard of Review

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings."  Pleadings include "the complaint, the answer and any written instruments attached as exhibits."  *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 312 (7th Cir. 2020) (quotation and citation omitted).  "The only difference between a motion for judgment on the pleadings and a motion to dismiss [under Rule 12(b)(6)] is timing; the standard is the same."  *Id.*  When evaluating a motion

to dismiss, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak v. City of Chicago*, 810 F.3d 476, 480-81 (7th Cir. 2016) (citation omitted).

Under Federal Rule of Civil Procedure 12(b)(6), the allegations in a complaint must "'plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level.'" *Id.* at 480 (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)).  A complaint that offers "'labels and conclusions'" or "'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The Court must identify allegations "that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Ultimately, dismissal is only appropriate "if it appears beyond doubt that the plaintiff could prove no set of facts in support of [her] claim that would entitle [her] to the relief requested." *Enger v. Chicago Carriage Cab Corp.*, 812 F.3d 565, 568 (7th Cir. 2016) (quotation and citation omitted).

### B.      Mr. Hamilton's Complaint

Mr. Hamilton's allegations against Auto Warehouse, which are accepted as true solely for purposes of this Order, amount to the following:

> I had a stroke Jan. 2018, I was in the hospital and nursing home when Auto Warehouse was given 14 cars.  I found where they were [on] April 20 2018 and they were stripped and broken into sitting next [to] Grantline Road.

[Filing No. 1 at 5.]

### C.      Discussion

In support of its Motion for Judgment on the Pleadings, Auto Warehouse argues that Mr. Hamilton's allegations against it are insufficient and "absolutely no inferences can be drawn related to the inartfully pled causes of action, let alone inferences that [Auto Warehouse] is liable for any

misconduct." [Filing No. 58 at 5.]  It also asserts that it is a private actor and so cannot be held liable for any constitutional violations.  [Filing No. 58 at 5.]  Finally, Auto Warehouse argues that the doctrine of *res judicata* and the *Rooker-Feldman* doctrine bar Mr. Hamilton's claims against it.  [Filing No. 58 at 6-9.]

As with the Floyd County Defendants' and C.C.E.'s Motions for Summary Judgment, Mr. Hamilton did not respond to Auto Warehouse's motion, and as such the Court summarily **GRANTS** the motion.  S.D. Ind. L.R. 7-1(c)(5).  The Court also finds, however, that Auto Warehouse's arguments warrant judgment on the pleadings.

At the outset, though, the Court finds that the *Rooker-Feldman* doctrine does not bar Mr. Hamilton's claims against Auto Warehouse in this case.  While Mr. Hamilton's allegation that Auto Warehouse was "given 14 cars" does seem to implicate the Floyd Superior Court's orders allowing Floyd County to tow the cars, Mr. Hamilton also alleges that the cars were "stripped and broken into" after they were towed and perhaps while in Auto Warehouse's possession.  [*See* Filing No. 1 at 5.]  A claim based on Auto Warehouse's treatment of the cars would not affect the validity of the state court judgments and is not seeking redress for an injury directly caused by a state court judgment, so is not barred by the *Rooker-Feldman* doctrine.  *See Exxon Mobil Corp.*, 544 U.S. at 284.  Additionally, such a claim would not be barred by the doctrine of *res judicata*, as the claim has not already been litigated and Auto Warehouse was not a party to the prior litigation.  *See Simon v. Allstate Employee Group Med. Plan*, 263 F.3d 656, 658 (7th Cir. 2001) (the doctrine of *res judicata* precludes the same parties from re-litigating claims already decided on the merits in a prior action).

As for Auto Warehouse's substantive arguments, the Court finds that they have merit. Specifically, as with Mr. Hamilton's claims against C.C.E., Mr. Hamilton cannot assert

constitutional claims against Auto Warehouse, a private entity.  *See, e.g.*, *Zoretic*, 832 F.3d at 643.

Further, Mr. Hamilton's allegations against Auto Warehouse do not implicate the Fourth, Sixth,

Seventh, Eighth, or Fourteenth Amendments.  Indeed, his allegations do not state a federal claim

at all.  Accordingly, the Court **GRANTS** Auto Warehouse's Motion for Judgment on the Pleadings.

[Filing No. 54.]

### III.
### CONCLUSION

For the foregoing reasons, the Court:

- **GRANTS** the Floyd County Defendants' Motion for Summary Judgment, [50], to the extent that Mr. Hamilton's claims against the Floyd County Defendants are **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction;

- **GRANTS** C.C.E.'s Motion for Summary Judgment, [55]; and

- **GRANTS** Auto Warehouse's Motion for Judgment on the Pleadings, [54].

Final judgment shall enter accordingly.

Date: 11/22/2021

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**

**Distribution via United States Mail to:**

Jarrett Hamilton
519 Hausfeldt Lane
New Albany, IN 47150-2220